**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AARON SPENCER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 24 CV 2657 |
| | ) |
| CITY OF CHICAGO, A CARRASCO, | ) |
| #6816, and E GARCIA, #12285, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

NOW COMES the Plaintiff, AARON SPENCER, by and through his counsel,

SAMUELS & ASSOCIATES, LTD., and complaining of the defendants, CITY OF CHICAGO,

A CARRASCO, #6816, and E GARCIA, #12285, states as follows:

**INTRODUCTION**

This is a civil action seeking damages against defendants for committing acts

under color of law, and depriving Plaintiff of rights secured by the Constitution and

laws of the United States.

**JURISDICTION**

1.    This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the

Fourth and Fourteenth Amendments to the United States Constitution.

2.    The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. §

1331 and 1343 (a); the Constitution of the United States.

3.    Pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

**PARTIES**

4.  Plaintiff AARON SPENCER is a citizen of the United States of America, who, at all times relevant, resided in Cook County, Illinois. Mr. Spencer is a single father to a 11 year old daughter.

5.  Defendants A CARRASCO, #6816, and E GARCIA, #12285 ("Defendant Officers") were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacities.

6.  Defendant CITY OF CHICAGO ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officer.

**FACTS**

7.  Aaron Spencer is a single father to his 11 year old daughter.

8.  After the untimely loss of his partner, Mr. Spencer acquired an emotional support service dog to help him and his daughter cope with the loss.

9.  On or around 6 March 2023, Aaron Spencer was driving at or around 1242 South Wabash Avenue when he was pulled over by Defendant Officers.

10. The stop was pretextual and an excuse to search Plaintiff's vehicle.

11. At all times relevant, Mr. Spencer had a valid FOID and CCL.

12. Despite that, Defendant Officers charged Mr. Spencer Aggravated Unlawful Possession of a Weapon and Possession of Assault Weapons.

2

13. Defendant Officers lied in their police reports and charging documents, purposefully describing weapons that Plaintiff possessed inaccurately to justify charging and detaining him.

14. Due to his unlawful incarceration, Mr. Spencer's service animal was left stranded and abandoned for a number of days until he was finally able to make arrangements to retrieve it.

15. Additionally, Mr. Spencer's car was impounded, leaving him without a vehicle.

16. Even after Mr. Spencer managed to make bond, he was placed on strict house arrest with a curfew that prevented him from being able to work and meet his financial obligations.

17. As a result of Mr. Spencer's incarceration and false charging, he became late on his bills—including his rent, causing him and his daughter to be evicted.

18. On 3 April 2023, all charges against Mr. Spencer were dismissed in a manner consistent with his innocence.

19. The acts of Defendant Officer were intentional, willful and wanton.

20. As a direct and proximate result of the unlawful actions of the defendants, Plaintiffs were injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of their constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

## COUNT I: 42 U.S.C. § 1983 – Fourth Amendment

21. Plaintiff re-alleges the above paragraphs as though fully set forth herein.

3

22. The search, seizure, and detainment of Plaintiff's person and property performed willfully and wantonly by Defendant Officers based upon false and fabricated evidence, as detailed above, were in violation of Plaintiff's rights under the Fourth and Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

23. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff was injured.

WHEREFORE the Plaintiff, AARON SPENCER, purusant to 42 U.S.C. §1983, demands judgment against Defendant Officers for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT II: 745 ILCS 10/9-102 – Indemnification

24. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

25. Defendant City is the employer of the Defendant Officers.

26. Defendant officers committed the acts alleged above under color of law and in the scope of their employment as employees of the Defendant City.

WHEREFORE the Plaintiff, AARON SPENCER, demands that, should any Defendant Officer be found liable on one or more of the claims set forth above, pursuant to 745 ILCS 10/9-102, the Defendant City be found liable for any judgment Plaintiff obtains, as well as attorney's fees and costs awarded.

## COUNT III: Intentional Infliction of Emotional Distress

27. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

4

28. The above-detailed conduct by Defendant Officers was extreme and outrageous, exceeding all bounds of human decency.

29. Defendants Officers performed the acts detailed above with the intent of inflicting severe emotional distress or with knowledge of the high probability that the conduct would cause such distress.

30. Defendant City is sued in this to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant City, and while acting within the scope of their respective employment.

31. As a direct and proximate result of this conduct, Plaintiff did, in fact, suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, and excruciating physical pain and emotional suffering.

WHEREFORE the Plaintiff, AARON SPENCER, purusant to 42 U.S.C. §1983, demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and legal costs, and any such other and further relief as this Court deems equitable and just.

### COUNT IV: Malicious Prosecution

32. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

33. By the actions detailed above, Defendant Officers knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which they knew there was no probable cause.

34. Defendant City is sued in this Count pursuant to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant City, and while acting within the scope of this employment.

35. As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

WHEREFORE the Plaintiff, AARON SPENCER, demands judgment against Defendants for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

**AARON SPENCER**

By:   s/ Jeanette Samuels
*One of Plaintiff's Attorneys*

Jeanette Samuels
SAMUELS & ASSOCIATES, LTD.
53 West Jackson Blvd., Suite 831
Chicago, Illinois 60604
T: (872) 588-8726
F: (872) 813-5256
E: sam@chicivilrights.com

6